*464 OPINION.
TRIjssell:
The courts and the Board have held heretofore that mere book entries alone do not and can not determine the question of the receipt of income. The only year here involved is the year 1921 and the only question with regard to the executrix’s fees for the Board to determine is whether petitioner received them during 1921. In April, 1918, the probate court turned over to petitioner the residue of her husband’s estate plus the $21,590.50 allowed by that court as executrix’s fees, and if such fees were received as such by petitioner they must have been received at that time, but we do not decide that question. Subsequent to April, 1918, the property included in petitioner’s husband’s estate became hers and she could use, transfer or sell any or all of it during her life without any restriction whatever. The two sets of accounts combined reflected petitioner’s income from her property during 1921 and the cross-entry memorandum upon which it seems the respondent relies, has no meaning whatever in regard to what income petitioner actually earned or received during 1921. The petitioner kept two sets of accounts so that at her death the property included in her deceased husband’s estate would be intact and go to the residuary legatees designated in his will. She desired to have the whole estate pass on to his relatives, including the $21,590.50, and the memorandum was made on the books merely to show that she had never accepted nor received the said amount as executrix’s fees. The said $21,590.50 was not income to petitioner during the year 1921 and upon this issue the respondent must be reversed.
The record before us shows that on June 30, 1921, the assets of the International Fur Exchange, Inc., had a book value in excess of $22,000,000 and that its deficit amounted to $207,366.90. The corporation had accounts receivable in an amount in excess of $13,000,000 and the record does not disclose how good or bad those accounts were in 1921. There is no doubt but that the stock in question declined in value during 1921, but such decline in value does not give rise to a deductible loss. W. P. Davis v. Commissioner, 6 B. T. A. 1267. *465 The Fur Exchange was in the process of liquidation, but such liquidation of assets was not completed during 1921 and it has not been established that the stock became worthless during that year. To sustain the deductible loss claimed by petitioner it must be shown that the stock became worthless in fact during 1921, and that there was no probability that any portion of the investment would ever be recovered. See Appeal of E. O. Walgren, 4 B. T. A. 1066; Royal Packing Co. v. Commissioner, 5 B. T. A. 55. The evidence does not establish that the stock in question became worthless during 1921, resulting in a loss deductible under section 214 (a) (5) of the Revenue Act of 1921, and upon this issue the respondent must be sustained.

Judgment will be entered upon W days’ notice, pw'suamt to Rule 50.

Considered by Smith, Love, and Littleton.